## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                           Criminal Case No: 1:10CR97
                                                              1:10CR98

SHAMEKE WALKER,
          Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING
## PLEAS OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for

purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11.   Defendant,

Shameke Walker, in person and by counsel, Kumaraswamy Sivakumaran, appeared before me on

February 2, 2011.  The Government appeared by Assistant United States Attorney Brandon Flower.

The Court had  Defendant placed under oath.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking what Defendant's

anticipated plea would be.  The AUSA  responded that Defendant would enter  pleas of  "Guilty" to

Count One  of the Indictment in 1:10cr97 and to Count One of the Indictment in 1:10cr98.  The Court

then determined that Defendant's plea was pursuant to a written plea agreement, and asked the

Government to tender the original to the Court.  The Court then asked counsel for the Government to

summarize the written Plea Agreement.  The AUSA then summarized the agreement.  Defendant  stated

that the Government's summary of the Plea Agreement was correct.  The Court ORDERED the written

Plea Agreement filed.

The Court thereafter inquired  of  Defendant concerning his understanding of his right to have an

Article III Judge hear the entry of his guilty pleas and his understanding of the difference between an

Article III Judge and a Magistrate Judge.  Defendant thereafter stated in open court that he voluntarily

waived his right to have an Article III Judge hear his pleas and voluntarily consented to the undersigned Magistrate Judge hearing his pleas, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Pleas Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty pleas before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Shameke Walker, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned then reviewed the charges with Defendant, and asked the AUSA appearing to review with Defendant the elements the United States would have to prove at trial, charging him in 1:10cr97 with the offense of aiding and abetting assault with a dangerous weapon with intent to do bodily harm, in violation of 18 USC sections 113(a)(3), 2 and 7(3); and in 1:10cr98 with the offense of possession of a prohibited object (weapon), in violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(3). Counsel for Defendant agreed to the AUSA's statement of the essential elements of each offense as augmented by the Court.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were

made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on January 25, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of pleas of guilty to Count One of the Indictment in 1:10cr97 and Count One of the Indictment in 1:10cr98, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's pleas of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the two Indictments in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of Count One of each Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him.

Defendant understood that the maximum statutory sentence he would be subjected to if convicted

of Count One in 1:10cr97 was imprisonment for a term of not more than ten (10) years, a fine of not more than $250,000, and or fine and imprisonment, and at least three (3) years supervised release and a special mandatory assessment fo $100.00 which must be paid before the date of sentencing.

Defendant understood that the maximum statutory sentence he would be subjected to if convicted of Count One in 1:10cr98 was imprisonment for a term of not more than five (5) years, a fine of not more than $250,000, and or fine and imprisonment, and at least three (3) years supervised release and a special mandatory assessment fo $100.00 which must be paid before the date of sentencing.

Defendant also understood, however, that the parties had reached an agreement regarding an appropriate sentence for each of the offenses.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in his written plea agreement as follows:

Ct:    Did you and Mr. Sivakumaran discuss that with respect to both of the cases against you, you have a right to appeal the actual sentence that is imposed to the Fourth Circuit Court of Appeals, the appellate court, within ten days of the Judge's oral pronouncement of that sentence?

Def:    Yes.

Ct:    Did you and Mr. Sivakumaran discuss that with respect to each of the Indictments, each of the cases against you, you may have a right, and may exercise that right, to collaterally attack any sentence and how that sentence was imposed using a writ of habeas-type motion under 28 USC section 2255?

Def:    Yes.

Ct:    Did you and Mr. Sivakumaran discuss that if the District Judge goes along with your binding plea

4

agreement and goes along with the binding sentences that are contained in that plea agreement, and I'll go over them in a minute, that you have given up your right to directly appeal to the Fourth Circuit the sentences that were imposed in those cases and you give up your right to collaterally attack or challenge those sentences?

Def:    Yes.

Ct:     And is that what you intended to do?

Def:    Yes.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up pursuant to the condition that the court accepts the agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Defendant understood that the parties had agreed under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence, if the plea was accepted by the District Judge, would be:

For 1:10cr97: 6 months incarceration to be ordered to be served consecutively to the sentence presently being served by the defendant and the Mandatory Special Assessment of $100.00. No fine is recommended and no additional supervised release is recommended.

For 1:10cr98: 12 months incarceration to be ordered to be served consecutively to the sentence presently being served by the defendant and consecutively to the sentence in posed in 1:10cr97 and the Mandatory Special Assessment of $100.00. No fine is recommended, nor is any additional supervised release recommended.

Defendant further understood that the recommendation of no additional supervised release did not affect any supervised release to which he was previously sentenced.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether she accepted his plea agreement; and if she did not follow or refused to accept the sentencing provisions set forth in the agreement, he would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence within the statutory maximums earlier addressed.

Thereupon, Defendant, Shameke Walker, with the consent of his counsel, Kumaraswamy Sivakumaran, proceeded to enter verbal pleas of **GUILTY** to Count One of the Indictment in 1:10cr97 and Count One of the Indictment in 1:10cr98.

The Court then received the sworn testimony of FBI Special Agent Randall Kosis, who testified he is primarily assigned to the investigation of crimes occurring within prison facilities within the Northern District of West Virginia, which include FCI Morgantown, FCI Gilmer and USP Hazelton. USP Hazelton is in Preston County, within the Northern District of West Virginia. Based upon his review of the records and files at USP Hazelton, Defendant was an inmate at the facility on April 26, 2009. From a review of records, files and videos of an incident that took place at USP Hazelton on that date, SA Kosis testified he determined that at approximately 3:30 pm, inmate Leslie Morris attacked another inmate, "T.P.", in the blue corridor. It appeared that Morris possessed a weapon. Shortly afterward, the video showed Defendant joining in the attack and assisting Morris in attacking "T.P." Defendant used his closed fist to strike "T.P" in the head and upper torso. "T.P." sustained various injuries including approximately seven stab wounds. He was assessed at the prison and then transported to the hospital for

further treatment.

SA Kosis testified that the video indicated that after Defendant landed several blows, he picked up an object and left the area. His participation in the assault was brief and he did not use a weapon. Morris continued the assault and was later taken into custody. A weapon Morris had dropped was found. SIS staff reviewed a video of the incident and determined Defendant was involved. The video and investigation did not reveal any just cause for Defendant's assault on "T.P." The attack appeared to have been provoked by Morris.

SA Kosis then testified that on January 6, 2010, Defendant was still an inmate at USP Hazelton. He was being housed in the A-1 unit for inmates involved in incidents such as the one that occurred in April. Staff were called for assistance to a staff member who was being assaulted by a different inmate (not Defendant) in the unit. A substantial number of staff members responded in order to get inmates back into their cells. Some did not comply and some were slow in complying. Based upon his demeanor, Defendant caught the attention of the staff. Two officers approached him and asked him to come out of his cell. Defendant complied. The officers told Defendant they wanted to perform a pat-down search and Defendant resisted, although not violently. He was placed in hand restraints and the officers performed the pat-down search. SA Kosis testified that the officers found a hand-made prison weapon consisting of an 8" long metal object sharpened to a point on one end with a cloth type handle in the front waistband of Defendant's pants.

SA Kosis testified he reviewed videos and in his opinion, although Defendant had not been cooperative, he was not violent. SA Kosis reviewed a photograph admitted as Exhibit 1, which he testified was a photograph of the weapon taken from Defendant. The photograph was provided by SIS.

Upon cross examination, SA Kosis testified that it appeared that "T.P" had grabbed Defendant

at some point, holding onto him.  Based upon his review of the January incident, there was no indication Defendant had any involvement in the assault on the staff member.

Defendant then stated he heard, understood, and agreed with Special Agent Randall Kosis' testimony regarding the 1:10cr97 incident.   He also stated he heard and understood, but did not  agree with Special Agent Kosis' testimony regarding the incident alleged in 1:10cr98.  Upon further questioning by the Court as to whether Defendant had an 8-inch weapon in his waistband, Defendant stated only that he was here to plead guilty today to having a weapon.

From the testimony of Special Agent Kosis, the undersigned Magistrate Judge concludes the offenses charged in Count One of 1:10cr97 and Count One of 1:10cr98 are supported by an independent basis in fact concerning each of the essential elements of each  offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of each of his pleas of guilty; Defendant understood the statutory maximum sentences, and also  understood his plea agreement and the binding nature of his plea agreement; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment in 1:10cr97 and Count One of the Indictment in 1:10cr98; and each of Defendant's pleas is independently supported by the testimony of Special Agent Kosis,  which provides, beyond a reasonable doubt, proof of each of the essential elements of each charge to which Defendant pled.

The undersigned Magistrate Judge therefore recommends  Defendant's plea of guilty to Count One of the Indictment in 1:10cr97 and Count One of the Indictment in 1:10cr98 herein be accepted

conditioned upon the Court's receipt and review of this Report and Recommendation.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 4th day of February, 2011.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE